United States District Court
Southern District of Texas

**ENTERED**

March 15, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT                SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Cadarien Roberts, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action H-17-3770 |
| Lorie Davis, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## Memorandum and Recommendation

Cadarien Roberts filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (D.E. 1.) Lorie Davis has moved for summary judgment. (D.E. 11.) Because Roberts's claims are unexhausted and procedurally defaulted, his federal habeas petition should be denied with prejudice.

### 1. Background

Roberts pleaded guilty to aggravated robbery and was sentenced to 30 years in prison. (D.E. 12-8 at 32–33.) Roberts's appeal was dismissed because he had no right to appeal, and his notice of appeal was late. *Robert v. State*, No. 09-15-00044-CR, 2015 WL 994642, at *1 (Tex. App.—Beaumont Mar. 4, 2015, no pet.) (citing Tex. R. App. P. 25.2(d), 26.2(a)(1), 26.3).

Roberts applied for a state writ of habeas corpus, stating that he was remorseful for what he had done. (D.E. 12-8 at 6–15.) His state habeas application was denied because he did not raise any cognizable ground for relief or allege facts that would support one. (D.E. 12-7; D.E. 12-8 at 22–27.)

In his federal habeas petition, Roberts attacks his guilty plea and conviction for aggravated robbery. Roberts claims that (1) he

pleaded guilty without understanding the consequences, (2) his confession was involuntary and obtained in violation of his Due Process rights, and (3) his lawyer rendered ineffective assistance of counsel. (D.E. 1.) These claims were not raised in state court.

Davis argues that Roberts's claims are unexhausted and procedurally defaulted. (*See* D.E. 11.)

2. Analysis

A petitioner seeking federal habeas relief must first exhaust available state remedies. *See* 28 U.S.C. § 2254(b)(1); *Busby v. Dredke*, 359 F.3d 708, 723 (5th Cir. 2004). Exhaustion requires that the petitioner pursue his claims to the state's highest court through a properly filed direct appeal or a state habeas application. *See* Tex. Code Crim. Proc. arts. 11.07 § 3(a)–(c), 44.02 *et seq.* (West 2018); *McMullin v. Thaler*, No. CIV.A.H-09-2347, 2010 WL 2606320, at *3 (S.D. Tex. June 21, 2010) (Rosenthal, J.).

Roberts never raised in state court any of the claims in his federal habeas petition. Roberts failed to exhaust his state remedies and his claims are now procedurally barred in state court. *See Coleman v. Thompson*, 501 U.S. 722, 729–32, 735 n. 1 (1991); *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999).

Roberts has not shown that he can file a subsequent application for a state habeas relief, which is permitted under the following, limited circumstances. First, the subsequent application must contain "sufficient specific facts" establishing that the new claims "could not have been presented previously in an original application or in a previously considered application . . . because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." Tex. Code Crim. Proc. Ann. art. 11.07 § 4(a)(1) (West 2018). Here, all of Roberts's claims in his federal habeas petition—that his guilty plea was not made intelligently, his confession was involuntary and coerced, and his counsel rendered ineffective assistance of counsel—could have been presented in the original state habeas application.

Alternatively, the applicant must raise "sufficient specific facts" that establish "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt." Tex. Code Crim. Proc. Ann. art. 11.07 § 4(a)(2) (West 2018). The facts must be tied to "a prima facie showing of actual innocence." *Ex parte Brooks*, 219 S.W.3d 396, 401 (Tex. Crim. App. 2007). Here, Roberts's habeas petition is conclusory and contains no facts, much less a prima facie showing of actual innocence.

Roberts fails to show that his claims could bypass the procedural default. The federal court may consider the merits of a procedurally defaulted claim if the petitioner demonstrates either that there was a cause and prejudice for the default or that he is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Lott v. Hargett*, 80 F.3d 161, 164 (5th Cir. 1996). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (internal quotations omitted); *see also Martinez v. Ryan*, 566 U.S. 1, 13–14 (2012) (showing of substantial attorney misconduct may constitute cause for procedural default of an ineffective assistance of counsel claim). Roberts only raises bare, conclusory claims, which are insufficient to show cause or prejudice. *See Rupert v. Johnson*, 79 F. Supp. 2d 680, 696 (W.D. Tex. 1999) (the petitioner's conclusory challenge to his guilty plea and bare assertions of ineffective assistance of counsel cannot circumvent the procedural default).

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. Here, Roberts raises no evidence.

Therefore, Roberts cannot bypass the procedural default. Roberts's claims should be dismissed with prejudice as unexhausted and procedurally defaulted.

3. Conclusion

The court recommends that Roberts's federal habeas corpus petition (D.E. 1) be DENIED with prejudice and Davis's motion for summary judgment (D.E. 11) be GRANTED.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March __14__, 2019.

_____
Peter Bray
United States Magistrate Judge